IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GROUNDSPARK, INC., <br><br> Plaintiff, <br><br> v. <br><br> TS OFFICE OWNER 4, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS <br><br><br> Case No. 2:21-CV-45-TS-DBP <br><br> District Judge Ted Stewart |

Groundspark, Inc. ("Groundspark") sues TS Office Owner 4, LLC ("Owner") for a declaratory judgment and injunctive relief. Owner moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] For the reasons below, the court will grant the motion.

I. BACKGROUND

Groundspark is a software company[2] and Owner owns property in Lehi, Utah.[3] In 2015, Owner leased property to a software company called Nuvi LLC ("Nuvi").[4] In 2018, Groundspark acquired certain assets from Nuvi and assumed Nuvi's rights and obligations under the lease.[5] Nuvi ceased to function and dissolved soon after the acquisition.[6]

---

[1] Defendant mistakenly cites Federal Rule of Civil Procedure 12(b)(2), which concerns personal jurisdiction. Mot. to Dismiss, Docket No. 9 at 3, 5.

[2] Compl., Docket No. 2 ¶¶ 1, 9.

[3] *Id.* ¶¶ 2, 12.

[4] *Id.* ¶¶ 16, 26.

[5] *Id.* ¶¶ 17, 27.

[6] *Id.* ¶¶ 15, 18; *see also* Mot. to Dismiss Ex. 1, Docket No. 9-1 at 32.

Apparently unaware of Nuvi's demise, Owner sued Nuvi in state court in Utah County for unlawful detainer and breach of the lease agreement in May 2020.[7] Nuvi failed to appear or answer the complaint.[8] The court awarded a default judgment of $1,177,640.80 against Nuvi.[9]

On January 22, 2021, Groundspark filed its complaint for a judgment from this court declaring that it is not an alter ego of Nuvi.[10] Groundspark explains that in post-judgment discovery, Owner demanded production of Groundspark's tax returns, financial records related to the asset acquisition from Nuvi, and communications discussing the assets.[11] Groundspark believed Owner was attempting to discover information to support a claim that Groundspark is an alter ego of Nuvi to enforce the default judgment against Groundspark.[12] The complaint also seeks an order enjoining Owner from asserting a claim that Groundspark is an alter ego of Nuvi.[13]

The dispute has evolved significantly since Groundspark filed its complaint. On February 10, 2021, Owner filed a motion in its state court case to substitute Groundspark for Nuvi to recover the default judgment from Groundspark.[14] The state court later denied that motion because the court lacked personal jurisdiction over Groundspark.[15] Also on February 10, Owner filed another

---

[7] Compl. ¶¶ 13, 28–29; *TS Office Owner 4, LLC v. Nuvi, LLC*, Civ. No. 200400647 (4th Jud. Dist., filed May 6, 2020).

[8] Compl. ¶¶ 32–33.

[9] *Id.* ¶ 35; Mot. to Dismiss Ex. 1 at 43–46.

[10] Compl. at 6–7.

[11] *Id.* ¶ 36.

[12] *Id.* ¶ 46.

[13] *Id.* at 7.

[14] Mot. to Dismiss Ex. 1 at 2–10. The court properly takes judicial notice of state court documents. *Pace v. Swerdlow,* 519 F.3d 1067, 1072–73 (10th Cir. 2008).

[15] Resp. Ex. G, Docket No. 12-7.

2

state court complaint, this time against Groundspark and two related parties.[16] The new suit alleges breach of the lease, unlawful detainer, misrepresentation, fraudulent transfer, and other claims.[17] Neither filing argues that Groundspark is an alter ego of Nuvi.

On February 16, 2021, Owner filed its motion in this court to dismiss Groundspark's declaratory judgment complaint for lack of subject matter jurisdiction.[18] On March 16, 2021, Groundspark filed its response in opposition.[19] Owner replied on March 30, 2021.[20]

II. DISCUSSION

A court evaluating a motion to dismiss a declaratory judgment action for lack of subject matter jurisdiction proceeds in two steps.[21] First, the court determines whether the factual allegations of the complaint show that the court has jurisdiction.[22] If jurisdiction is lacking, the court must dismiss the case.[23] If jurisdiction exists, the court then makes a fact-specific determination as to whether there are sound reasons to refrain from exercising that jurisdiction.[24]

---

[16] Resp. Ex. E ¶¶ 42–50; *TS Office Owner v. Social Mecca et al.*, Civ. No. 210400194 (4th Jud. Dist., filed February 10, 2021).

[17] Mot. to Dismiss Ex. 2.

[18] Mot. to Dismiss.

[19] Resp., Docket No. 12.

[20] Reply, Docket No. 13.

[21] *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).

[22] *Id.*; *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

[23] Fed. R. Civ. P. 12(h)(3) (requiring dismissal if "the court determines at any time that it lacks subject matter jurisdiction").

[24] *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008); *Kunkel*, 866 F.2d at 1273.

A. Subject Matter Jurisdiction

1. Statutory Authority

The complaint fails to allege facts supporting any statutory basis for federal jurisdiction. It alleges subject matter jurisdiction under 28 U.S.C. § 1332,[25] which allows federal courts to exercise jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Diversity jurisdiction requires all the adverse parties to be completely diverse with regard to citizenship.[26] Importantly here, a court must consider the citizenship of all members of an LLC when determining diversity.[27] Groundspark has not adequately pleaded diversity.[28] Groundspark is a citizen of Illinois.[29] Owner is a Delaware LLC,[30] but the complaint fails to state the citizenship of the members of the LLC. Without this information, the complaint fails to show complete diversity and the court must assume it does not exist.[31]

There is no other statutory basis for subject matter jurisdiction here. There is no federal question that would support jurisdiction under 28 U.S.C. § 1331. The complaint alleges jurisdiction under the Declaratory Judgment Act (the "Act"),[32] but the Act is not an independent source of

---

[25] Compl. ¶¶ 4–5.

[26] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[27] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

[28] Owner does not raise the diversity issue, but the court has a duty to inquire into its own jurisdiction. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

[29] Compl. ¶ 1.

[30] *Id.* ¶ 2.

[31] *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) ("The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence.") (internal quotation marks and citation omitted).

[32] Compl. ¶ 4.

federal jurisdiction[33]—it merely provides an additional remedy when jurisdiction exists on another ground.[34] Thus, the complaint fails to show any basis for subject matter jurisdiction and the court must dismiss the complaint.

2. "Case or Controversy"

The complaint fails to present any "case or controversy" as required by Article III of the Constitution and also by the Declaratory Judgment Act.[35] The Declaratory Judgment Act states that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[36] The Act's requirement of "a case of actual controversy" reiterates the case-or-controversy requirement of Article III.[37] A "case or controversy" is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests . . . [and] admitting of specific relief through a decree of a conclusive character."[38]

Owner asserts that it has never raised the issue Groundspark raises in the complaint—whether Groundspark is the alter ego of Nuvi—and resolution of the issue would be an improper advisory opinion.[39] Groundspark responds that it can properly sue for a declaratory judgment

---

[33] *Woods v. City & Cty. of Denver*, 62 F. App'x 286, 289 (10th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *Groundhog*, 442 F.2d at 683.

[34] *Groundhog*, 442 F.2d at 683.

[35] 28 U.S.C. §§ 2201, 2202.

[36] 28 U.S.C. § 2201(a).

[37] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937); *see also Surefoot*, 531 F.3d at 1240.

[38] *Aetna*, 300 U.S. at 240–41.

[39] Mot. to Dismiss at 3–4.

before Owner raises the issue and that Owner's assertion of an alter-ego theory in its February state court filings shows that this is an actual controversy.[40]

Groundspark misinterprets the facts and the law. Owner's state court filings do not claim that Groundspark is an alter ego of Nuvi. Rather, they argue that Groundspark assumed Nuvi's obligations under the lease as part of its acquisition of Nuvi's assets.[41] Owner's only alter-ego argument is that Groundspark and two related parties were alter egos of one another, not of Nuvi.[42]

Groundspark is also incorrect that an issue is a "case or controversy" merely because another party might raise it in litigation. The "case or controversy" requirement is notoriously vague,[43] but it requires at least some sort of active dispute that has consequences in the real world.[44] In the declaratory judgment context, there is generally a clearly defined and ongoing dispute about a claimed legal obligation at the time the case is brought, and a declaratory judgment has the immediate practical effect of guiding the parties' behavior and preventing further adversarial proceedings.[45] In contrast, a declaratory judgment that Groundspark is not an alter ego of Nuvi

---

[40] Resp. at 4–5.

[41] Resp. Ex. E, Docket No. 12-5 ¶¶ 17–18, 74.

[42] *Id.* ¶¶ 18, 40, 75, 113–121.

[43] *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("Unfortunately, there is no formula to determine in every dispute whether the Article III 'Case or Controversy' requirement has been satisfied.").

[44] *Id.* at 1380 ("[G]enerally one cannot bring a declaratory-judgment action just to resolve one isolated issue in a possible future controversy. A declaratory judgment that would not have practical consequences without later additional litigation is not proper.").

[45] *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) (explaining that a "case or controversy" existed where patent licensee sought declaration that patent was invalid, thereby allowing licensee to halt payments without fear of treble damages if the patent holder were to sue and the patent were upheld); *Aetna*, 300 U.S. 227 (explaining that there was a "case or controversy" where an insurer sought a declaratory judgment on its liability for a denied claim); *Kunkel*, 866 F.2d 1269 (same).

would not settle the question of Groundspark's liability to Owner, nor would it prevent any injury.[46] A declaratory judgment would have no practical effect except to prevent Owner from raising the argument in the purely hypothetical scenario that Owner intended to do so. That scenario is not just hypothetical but implausible because Owner has twice failed to make this argument in its state court filings. Because there is no "case or controversy," the court must dismiss the complaint.

B. Abstention

Because the court must dismiss for lack of diversity and/or any "case or controversy," the court will not address Owner's argument that the court should refrain from exercising jurisdiction.[47] However, the court would abstain for the reasons in the motion.

It is therefore

ORDERED that Owner's Motion to Dismiss (Docket No. 9) is granted and the action is dismissed without prejudice.

DATED this 16th day of April, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[46] *Cf. Kunkel*, 866 F.2d at 1274 (explaining that the Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to *injury*") (emphasis added); *see generally* Restatement (Second) of Judgments § 33 cmt a (1982) ("Historically, . . . a suit in equity might be maintained *to prevent the commission of a threatened wrong* and, even though no wrong had been committed or threatened, to secure a determination . . . of the rights of the parties.") (emphasis added).

[47] Mot. to Dismiss at 4–5 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19 (1976)).